```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DANA LAMB,

                Plaintiff,

vs.                                      Case No.  2:05-cv-182-FtM-33SPC

FALIKA CORP. d/b/a San Carlos Diner,

                Defendant.
_____/

**ORDER**

      This matter came before the Court as a result of the Clerk's Entry of Default (Doc. #9) entered against Defendant Falika Corporation, on June 17, 2005 and Plaintiffs' Motion for Entry of Default Final Judgment Against Defendant, Falika Corporation (Doc. #11) filed July 1, 2005.  Having reviewed the foregoing documents, and being otherwise fully advised,

      Accordingly, it is hereby

      **ORDERED, ADJUDGED** and **DECREED** as follows:

      1.   For the reasons stated in this Court's June 17, 2005 order (Doc. #9), the Defendant is in default and the factual allegations in the Complaint (Doc. #1) are deemed admitted.

      2.   Defendant, Falika Corporation, is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, <u>et seq.</u>, and the Americans with Disability Act Accessibility Guidelines ("ADAAG"), 28 CFR Part 36 Appendix A, due to the existence of various architectural barriers at the property known

as San Carlos Diner, located at 16541 San Carlos Blvd., Fort Myers, Florida.

    3.    The Defendant is hereby ordered to comply with the requirements of the Americans with Disabilities Act including making the modifications to the barriers detailed below. The Defendant shall modify or remove the following architectural and communications barriers to access at the restaurant:

| | |
|---|---|
| I. | There are no access aisles provided at the accessible parking space(s); |
| ii. | There are no accessible parking signs provided; |
| iii. | The curb ramp does not have edge protection; |
| iv. | The level landing by the entrance door is too small; |
| v. | The signage on the wall outside of the toilet room is mounted in the incorrect location; |
| vi. | The mirror in the restroom is mounted too high; |
| vii. | The paper towel dispenser is mounted too high; |
| viii. | There is insufficient clear floor space on the pull side of the toilet room door; |
| ix. | The toilet room door hardware requires pinching, grasping, and twisting of the wrist; |
| x. | The accessible stall is too small; |
| xi. | The lavatory pipes are not insulated; |
| xii. | The urinal is mounted too high; |
| xiii. | The sales counter is too high. |

If removal of these barriers is not readily achievable, the Defendant must provide alternative means of access.

4.  The Defendant shall complete the above-referenced modifications within a reasonable period of time, but not later than **180 DAYS** from the date of this order.

5.  The Plaintiff may submit a motion to this Court for consideration of reimbursement of reasonable attorney's fees and costs incurred in connection with this matter.

6.  The Clerk is directed to enter Judgment accordingly and close the file.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this  3rd  day of August, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record